CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michellu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (858) 375-7385

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Elizabeth Gerdes**, | Case No. '18CV2510 L   RBB |
| Plaintiff, | **Complaint for Declaratory and Injunctive Relief and Damages for Violations of**: |
| v. | |
| **Tri-City Healthcare District (A California Hospital District)**, and Does 1-10, Inclusive, | 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq*.; |
| Defendants. | 2. California's Unruh Civil Rights Act, Cal. Civ. Code §51 *et seq*.; and |
| | 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*. |

1

Complaint

# INTRODUCTION

1. Among women in the United States, breast cancer is the most common type of cancer and the second leading cause of cancer-related deaths. Getting mammograms regularly is the best way to detect breast cancer early, when it is easiest to treat.

2. According to the Centers for Disease Control and Prevention women with disabilities are less likely than non-disabled women to get mammograms, and they have higher rates of mortality from breast cancer than non-disabled women diagnosed at the same stage of the disease.

3. A main barrier to breast cancer screening for women with disabilities is a lack of access. Many imaging centers are physically inaccessible to wheelchair users, lacking accessible mammography machines and examination tables. Additionally, many imaging centers fail and/or refuse to train staff on how to properly use accessible equipment and/or physically assist women with disabilities seeking to maintain their breast health.

4. Plaintiff Elizabeth Gerdes ("Plaintiff") brings this lawsuit against the Tri-City Healthcare District and Does 1-10, Inclusive (collectively "Defendants") to challenge Defendants' failure to provide mammography services to women with disabilities who use wheelchairs.

5. Plaintiff was summarily denied mammography services at the Women's Diagnostic Center at the Tri-City Medical Center owned and operated by the District solely because she uses a wheelchair and cannot stand independently.

6. Defendants are alleged not have accessible mammography equipment at the Center, or to otherwise accommodate people with mobility disabilities seeking mammography services.

7. Defendants' acts and omissions, as set forth herein, have subjected Plaintiff to discrimination on the basis of her disability in violation

of Title II of the Americans with Disabilities Act and related California civil rights statutes.

8. As a direct and proximate result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the medical services, programs and activities offered at the Center.

9. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her "full and equal" access to the services, programs, or activities offered at the Center as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing her civil rights.

**PARTIES**

10. Plaintiff Elizabeth Gerdes is an individual and California resident.

11. Defendant Tri-City Healthcare District is a California Hospital District doing business in the State of California as Tri-City Medical Center.

12. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

13. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other

Complaint

Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

15. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*., both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

16. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

17. Plaintiff has, and at all times relevant herein had physical impairments as the result of polio that significantly impair her mobility.

18. Plaintiff is unable to stand unaided or walk and uses a motorized wheelchair for mobility.

19. Defendants are, and at all times relevant herein were, the owner, operator, lessor and/or lessee of Tri-City Medical Center located at 4002 Vista Way, in the City of Oceanside, California.

20. Tri-City Medical Center provides women's health services to

Case 3:18-cv-02510-L-RBB Document 1 Filed 10/30/18 PageID.5 Page 5 of 13

members of the public through The Edgar and Jo Anne Jones Women's Diagnostic Center (hereinafter "the Center").

21. The Center boasts a fully digital mammography center offering high-tech mammography screenings, MRI, ultrasound, and stereotactic breast biopsies to members of the public.

22. On or about June 12, 2018, Plaintiff's surgeon instructed Plaintiff to call the Center for mammography services.

23. On or about July 5, 2018, Plaintiff called the Center to make an appointment for a mammogram.

24. Plaintiff advised the Center staff that she uses a motorized wheelchair due to polio and cannot stand unaided.

25. Plaintiff asked the Center staff if she could be provided with mammography services while seated in her wheelchair.

26. A supervisor at the Center advised Plaintiff that the Center could not provide her with mammography services because they did not have appropriate equipment to provide services to wheelchair users.

27. The Center supervisor told Plaintiff that she had to be able to stand up for a mammogram to be performed.

28. At no time did anyone at the Center offer to provide Plaintiff with physical assistance to stand so that she could have a mammogram performed.

29. At no time did anyone at the Center offer to provide mammography services to Plaintiff in any alternative manner.

30. Defendants did not have accessible mammography equipment at the Center in July 2018.

31. On information and belief, Defendants still do not have accessible mammography equipment at the Center.

32. Defendants did not have a policy for providing mammography services to wheelchair users in July 2018.

5

Complaint

33. On information and belief, Defendants do not have a policy for providing mammography services to wheelchair users currently.

34. Defendants did not provide mammography services to individuals who cannot stand in July 2018.

35. Defendants do not provide mammography services to individuals who cannot stand currently.

36. Defendants did not train their employees on how to provide mammography services to wheelchair users in July 2018.

37. Defendants do not train their employees on how to provide mammography services to wheelchair users currently.

38. As the direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff experienced a full denial of Defendants' imaging services.

39. As the direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff experienced difficulty, inconvenience, frustration, embarrassment and distress.

40. The purchase of accessible mammography equipment would not cause Defendants an undue financial burden.

41. The purchase of accessible mammography equipment would not cause Defendants an undue administrative burden.

42. The purchase of accessible mammography equipment would not fundamentally alter the nature of Defendants' services.

43. On information and belief, there are additional access barriers at the Center that would prevent Plaintiff from having full and equal access to Defendants' services, programs and activities. These additional access barriers will be confirmed by Plaintiff through a noticed site inspection, at which time she will amend her Complaint.

44. Plaintiff plans to return to the Center for mammography and

Complaint

breast health services once the access barriers that exist there are removed. The Center is conveniently located close to Plaintiff's home.

45. Until Defendants purchase accessible mammography equipment and/or modify their discriminatory policies and practices, Plaintiff will continue to be denied full and equal access to Defendants' services, programs and activities.

46. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

**FIRST CAUSE OF ACTION**

**Title II of the Americans with Disabilities Act**

**42 U.S.C. §§ 12131 et seq.**

47. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

48. Title II of the ADA provides as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

49. "Public entities" subject to the provisions of Title II include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §12131(1)(B).

50. Defendant Tri City Healthcare District is a "public entity" pursuant to 42 U.S.C. §12131(1)(B).

7

Complaint

51. The imaging services provided by Defendants at the Center are services, programs and/or activities as contemplated by Title II of the ADA, 42 U.S.C. §12132.

52. Plaintiff is an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendants at the Center. As such, Plaintiff is a qualified individual with a disability, as defined by Title II of the ADA. 42 U.S.C. §12131(2); 28 C.F.R. §§ 35.104 and 35.160(a)(1).

53. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the services, programs and activities it offers to members of the public at the Center, in violation of Title II and its implementing regulations. Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities (28 C.F.R. § 35.150);
   b. Failing to construct and/or alter its facilities so that they are readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992 (28 C.F.R. § 35.151);
   c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public at the Center, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(i));

Complaint

    d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public at the Center, that is not equal to that afforded her non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

    e. Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

    f. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public at the Center (28 C.F.R. § 35.130(b)(1)(vii));

    g. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of her disability (28 C.F.R. § 35.130(b)(3)(i)); and

    h. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

54. Defendants' duties under Title II are mandatory and long-established. Defendants had notice of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

55. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

Complaint

**SECOND CAUSE OF ACTION**

**Unruh Civil Rights Act**

**California Civil Code §§ 51 et seq.**

56. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

57. The Center is a business establishment as contemplated by the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq.

58. Defendants own and operate the Center and, as such, must comply with the provisions of the Unruh Act.

59. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

60. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

61. Plaintiff is, and at all times relevant herein was, a person with a "disability" as that term is defined under California law. Cal. Gov. Code § 12926.

62. Defendants have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Center.

Complaint

63. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the California state accessibility regulations and the ADA.

64. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was intentional, willful and knowing and/or the product of deliberate indifference.

65. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code §§ 54.1 et seq.
### *(Statutory damages and attorneys' fees only)*

66. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

67. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all … places of public accommodation, … and other places to which the general public is invited…." Cal. Civ. Code § 54.1(a).

68. The Center is a medical facility or clinic, place of public accommodation and/or other place to which the general public is invited, subject to the CDPA.

69. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

Complaint

70. Defendants have violated the CDPA by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the Center.

71. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

72. Defendants' duties under the CDPA are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

73. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act ordering Defendants to:
   a. Purchase mammography equipment that can be used to provide mammograms to wheelchair users;
   b. Modify their policies and procedures to provide reasonable physical assistance to people with disabilities as necessary to provide them with mammography services (for example, assistance with standing upright, transfer assistance);
   c. Adopt a formal nondiscrimination policy; and
   d. Train Center staff on their obligations to individuals with disabilities under the ADA.

Complaint

*<u>Note</u>: Plaintiff is not invoking section 55 of the California Civil Code and is <u>not</u> seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and
4. Award such other and further relief as the Court may deem just and proper.

Dated:  October 29, 2018

By: *Michelle Uzeta*
Michelle Uzeta, Esq.
Attorneys for Plaintiff

Complaint